UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANICE ANN MALONEY, | No. C 09-04244 MHP |
| Plaintiff, | **MEMORANDUM & ORDER** |
| v. | **Re: Defendant's Motion to Dismiss** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant, | |

Having exhausted her administrative remedies, plaintiff Danice Ann Maloney ("Maloney") seeks judicial review, pursuant to 42 U.S.C. section 405(g), of a final decision of defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner"). Defendant Commissioner moves to dismiss for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6), based on the untimely filing of plaintiff's complaint. Maloney has not filed an opposition to the motion. Having considered the Commissioner's arguments and submissions, and for the reasons stated below, the court enters the following memorandum and order.

BACKGROUND

On November 4, 2008, an Administrative Law Judge for the Social Security Administration issued a decision regarding Maloney's claim for Disability Insurance Benefits and Supplemental Security Income under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 401-433 and 1381- 1383(f). Docket No. 7, (DeVera Dec.) ¶ 3(a); DeVera Dec., Exh. 1 (Administrative Law Judge's Notice of Decision). The Administrative Law Judge held that Maloney was disabled

pursuant to sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act, beginning October 15, 2005 and ending June 10, 2008. DeVera Dec., Exh. 1. Maloney requested a review of the Administrative Law Judge's decision. DeVera Dec. ¶ 3(a). In a letter sent to Maloney, dated February 18, 2009, the Appeals Council denied Maloney's request for review, thereby making the Administrative Law Judge's decision the final decision of the Commissioner. DeVera Dec. ¶ 3(a); DeVera Dec., Exh. 2 (Notice of Appeals Council Action). The letter also informed Maloney that she could seek judicial review of her Title II and Title XVI claims pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c), which require commencing a civil action within sixty days after notice of the decision or within the time allowed by the Commissioner. DeVera Dec. ¶ 3(a); DeVera Dec., Exh. 2. In a May 22, 2009 letter, Maloney's attorney requested a 30-day extension in which to file a civil action and also requested a tape of the hearing. DeVera Dec. ¶ 3(b); DeVera Dec., Exh. 3. On June 8, 2009, the Appeals Council granted a 30-day extension and provided CDs of the hearing and exhibits. DeVera Dec. ¶ 3(b); DeVera Dec., Exh. 4. On July 10, 2009, Maloney's attorney again requested a 30-day extension, because he stated he had not received a response to his first request, and again he requested a tape of the hearing. DeVera Dec. ¶ 3(c); DeVera Dec., Exh. 5. On July 24, 2009, the Appeals Council again granted a 30-day extension and provided CDs of the hearing and exhibits. DeVera Dec. ¶ 3(c); DeVera Dec., Exh. 6.

On August 21, 2009, Maloney's attorney requested an additional 30-day extension of time to file a civil action, citing a heavy workload, among other factors. DeVera Dec. ¶ 3(d); DeVera Dec., Exh. 7. On August 27, 2009, the Appeals Council granted an additional 10-day extension to file a civil action and stated that it would not extend the time any further. DeVera Dec. ¶ 3(d); DeVera Dec., Exh. 8. The 10-day extension was calculated from the presumptive date Maloney would receive the letter, and in the letter the Appeals Council stated: "We assume that you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period." DeVera Dec., Exh. 8.

On September 14, 2009, Maloney filed her complaint in this court.

LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief can be granted against that defendant. A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal may be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). A motion to dismiss should be granted if a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556). Plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The court need not, however, accept as true pleadings that are no more than legal conclusions or the "formulaic recitation of the elements" of a cause of action. *Iqbal*, 129 S. Ct. at 1950; *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). "Determining whether a complaint states a plausible claim for relief . . .[is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

DISCUSSION

I.      Timeliness of Complaint

Section 405(g) of the Social Security Act provides for judicial review of disability claims. It provides, in relevant part:

3

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Section 405(g) has three requirements for judicial review: "(1) a final decision made after a hearing; (2) the commencement of a civil action within 60 days after the mailing of such notice of decision (or within such further time as the Secretary may allow); and (3) filing of the action in an appropriate district court, in general that of the plaintiff's residence or principal place of business." *Weinberger v. Salfi*, 422 U.S. 749, 763-64 (1975).

The Commissioner interprets this 60-day window as commencing on the date claimant receives "the Appeals Council's notice of denial of request for review of the presiding officer's decision." 20 C.F.R. § 422.210(c) ("Time for instituting civil action"). The date of receipt is "presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." *Id*. The 60-day requirement in section 405(g) has been construed as a statute of limitations that is waivable by the Secretary or the courts, rather than a jurisdictional requirement. *See Bowen v. City of New York*, 476 U.S. 467, 477 (1986); *Johnson v. Shalala*, 2 F.3d 918, 923 (9th Cir. 1993); *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir. 1987).

Maloney's complaint in this action must be dismissed because the complaint was not timely filed within 60 days after the presumptive receipt of notice of the Commissioner's final decision or within the additional time allowed by the Commissioner through the Appeals Council. In the letter dated February 18, 2009, the Appeals Council denied Maloney's request for review of the Administrative Law Judge's decision, therefore making the Administrative Law Judge's decision the final decision of the Commissioner of Social Security. DeVera Dec. ¶ 3(a); DeVera Dec., Exh. 2. The Commissioner, through the Appeals Council, granted Maloney three different extensions in which to file a civil action. The last extension was a 10-day extension granted in a letter dated August 27, 2009. DeVera Dec. ¶ 3(d); DeVera Dec., Exh. 8. Pursuant to the Commissioner's regulations, the presumptive date of receipt of this notice was 5 days from the date of the letter, and therefore Maloney was required to file a complaint for judicial review on or before September 11,

4

1  2009. Maloney did not file the complaint in this action until September 14, 2009. Docket No. 1
2  (Complaint). Therefore, the complaint was not timely filed.

3  II.     Equitable Tolling

4  Section 405(g) allows the Commissioner to extend the time for filing a complaint for judicial review. The Supreme Court has held that courts may further equitably toll the limitations period. *Bowen*, 476 U.S. at 481-82. However, tolling of the limitations period must only be "in the rare case." *Id*. at 481. The Court has stated that in most cases the Commissioner should "make the determination whether it is proper to extend the period within which review must be sought," and indicated that courts should extend the periods only where "the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Id*. at 480 (citing *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)).

The court is aware of no compelling reason for equitably tolling the limitations period beyond the time extensions allowed by the Commissioner. Maloney has not responded to the motion to dismiss, and there is nothing on the face of the complaint or in the Commissioner's submissions to justify her untimeliness. Therefore, the present motion must be granted.

CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is GRANTED.

IT IS SO ORDERED.

Dated: May 10, 2011

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

5